```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HARBIYA ABU-KHADIER, RRHA, INC.,

                Plaintiffs,

vs.                                      Case No.  2:12-cv-387-FtM-29CM

THE CITY OF FORT MYERS, FLORIDA,  a
Florida municipal corporation,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant/Counterclaim Plaintiff, the City of Fort Myers', Motion for Preliminary Injunction (Doc. #33) filed on March 7, 2013.  Plaintiffs filed a Response (Doc. #37) on March 15, 2013.  On April 9, 2013, defendant filed a Reply (Doc. #42).  On April 12, 2013, plaintiffs filed a Sur-Reply (Doc. #44).  The parties also filed a Declaration of Thomas Chase (Doc. #34-1), a Declaration of Marie Adams (Doc. #35-1), an Affidavit of Harbiya K. Abu-Khadier (Doc. #37-6), an Affidavit of Rami Suleiman (Doc. #37-7), and an Affidavit of Robert Gardner (Doc. #43-1).  The Court heard oral arguments on October 4, 2013.

The Defendant/Counterclaim Plaintiff City of Fort Myers (the City) seeks a preliminary injunction directing plaintiffs Harbiya K. Abu-Khadier (Abu-Khadier) and RRHA, Inc. (RRHA) to abide by the Nuisance Abatement Board's (NAB) June 19, 2012 Order, which required RRHA's grocery store be closed for one year.

I.

Plaintiff Abu-Khadier owns the real property located at 1936/1938 Palm Avenue in the City of Fort Myers, which plaintiff RRHA leases and operates as a grocery store business. In May 2012, the City filed a complaint against plaintiffs before the NAB. The complaint requested that the NAB find that the property is a public nuisance pursuant to Fla. Stat. § 893.138 and Fort Myers Code of Ordinances Chapter 54 because the property was used as the site of the unlawful sale or delivery of a controlled substance more than two times within a six-month period. On June 12, 2012, the NAB held an evidentiary hearing on the complaint. Plaintiffs and their counsel as well as the City and its counsel attended the hearing, presented testimony and evidence, and cross-examined witnesses.

On June 19, 2012, the NAB issued an order finding that the evidence presented by the City established that the property was a public nuisance pursuant to Fla. Stat. § 893.138 and Fort Myers Code of Ordinances Chapter 54 because the property was used as the site of the unlawful sale or delivery of a controlled substance more than two times within a six-month period. The order required the grocery store be closed for one year starting within ten days of the order. Plaintiffs requested reconsideration, and the NAB held a second hearing on July 27, 2012, at which time plaintiffs presented additional testimony and evidence. The NAB subsequently declined to reconsider the June 19 order. On April 2, 2013,

plaintiffs' petition for writ of certiorari was denied. Despite the order, RRHA continues to operate a grocery store at the property.

**II.**

To grant a preliminary injunction, the moving party must establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1299 (11th Cir. 2013)(citation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009) (citations omitted). Failure to establish any of the four factors is fatal to a request for a preliminary injunction. Id. Issuance or denial of a preliminary injunction is a decision committed to the sound discretion of the district court. Solantic, LLC v. City of Neptune Beach, 410 F.3d 1250, 1253-54 (11th Cir. 2005). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for the entry of a permanent injunction.

<u>Levi Strauss & Co. v. Sunrise Int'l Trading Inc.</u>, 51 F.3d 982, 985 (11th Cir. 1995).

**A. Substantial Likelihood of Success on the Merits**

The City asserts that it is likely to prevail on its claim for enforcement of the NAB's order because: (1) the order was properly issued pursuant to Fla. Stat. § 893.138 and Fort Myers Code of Ordinances Chapter 54; (2) plaintiffs received all the due process required by the statute and ordinance; and (3) the NAB order provided an appropriate remedy for plaintiffs' failure to abate the drug problem on their premises. (Doc. #33, p. 13.) Plaintiffs respond that the NAB's order violates plaintiffs' due process rights under the Fifth and Fourteenth Amendments and that the City ordinance is unconstitutional on its face because it allows the City to take plaintiffs' property without any provision for compensation. (Docs. ## 37, 44.) In its reply, the City argues that plaintiffs' constitutional arguments fail. (Doc. #42.)

The Court finds that the City has not clearly established that it is substantially likely to prevail on the merits of its claims. The case comes before the Court on the City's Notice of Removal (Doc. #1) removing plaintiffs' Amended Complaint (Doc. #2) which alleged pursuant to 42 U.S.C. § 1983 that Fort Myers Code of Ordinances Chapter 54 is unconstitutional because it is in direct conflict with the Fifth and Fourteenth Amendments to the United States Constitution. The City's Counterclaim (Doc. #27) seeks to

enforce the NAB's June 19, 2012 Order pursuant to Fla. Stat. § 120.69. No federal claim or diversity of citizenship is pled in the Counterclaim.

In its Counterclaim, the City states that: "Fla. Stat. § 893.138 authorizes municipalities of Florida to file an action for temporary, preliminary, and permanent injunctive relief, as well as fines, to enforce orders of nuisance abatement boards pursuant to Fla. Stat. § 120.69." (Doc. #27, ¶ 44.) However, the relevant section does not specifically authorize municipalities to file such actions, and instead provides: "An order entered under subsection (5) may be enforced pursuant to the procedures contained in § 120.69. This subsection does not subject a municipality that creates a board under this section, or the board so created, to any other provision of chapter 120." Fla. Stat. § 893.138(7).[1] Additionally, Fla. Stat. § 120.69(1)(a) provides:

> **Any agency** may seek enforcement of an action by filing a petition for enforcement, as provided in this section, **in the circuit court** where the subject matter of the enforcement is located.

Fla. Stat. § 120.69(1)(a)(emphasis added). Fla. Stat. § 120.52(1) limits the definition of "agency" to "not include a municipality or legal entity created solely by a municipality." The City is not an "agency" and it has not brought its enforcement action in "circuit court." Furthermore, the Court cannot say at this stage

---

[1] The City of Fort Myers Code of Ordinances § 54-85(c) provides identical language.

-5-

of the proceedings that plaintiffs are unlikely to prevail on their claim, which would be necessary in order for the City's preliminary injunction to issue.

**B. Remaining Preliminary Injunction Factors**

As the City has failed to meet its burden of establishing a substantial likelihood of success on the merits as to its claim, the Court finds it unnecessary to engage in the remainder of the preliminary injunction analysis.

Accordingly, it is now

**ORDERED**:

Defendant/Counterclaim Plaintiff, the City of Fort Myers', Motion for Preliminary Injunction (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>21st</u> day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record