UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARBIYA   ABU-KHADIER   and
RRHA, INC.,

       Plaintiffs,

v.                                Case No: 2:12-cv-387-FtM-29CM

THE  CITY  OF  FORT  MYERS,
FLORIDA, a Florida Municipal
Corporation,

       Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Summary Judgment against the City's Enforcement of an Ordinance for the Closure of Plaintiffs' Business (Doc. #67), filed on November 7, 2013. Defendant filed a Response (Doc. #71) on December 5, 2013. Also before the Court is defendant's Motion for Reconsideration of Order and Opinion Denying Motion for Preliminary Injunction (Doc. #79), filed April 14, 2014. Plaintiffs filed a Response (Doc. #80) on April 23, 2014.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to

find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."  Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).  "In addition, this circuit also holds that, in an appropriate case, the district court may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment."  Gerber v.

Longboat Harbour N. Condo., Inc., 757 F. Supp. 1339, 1341 (M.D. Fla. 1991).

## II.

The following facts appear undisputed in the record: Plaintiff Abu-Khadier owns the real property located at 1936/1938 Palm Avenue in the City of Fort Myers, Florida. Plaintiff RRHA, Inc. leases and operates this property as a grocery store business.

In May 2012, the City of Fort Myers (the City) filed a complaint against plaintiffs with the City's Nuisance Abatement Board (the NAB). The complaint requested that the NAB find that plaintiffs' property was a public nuisance pursuant to Fla. Stat. § 893.138 and Fort Myers Code of Ordinances § 54-82 (the Ordinance) because the property had been used as the site of the unlawful sale or delivery of a controlled substance more than two times within a six-month period. (Doc. #67-1.)

The NAB held an evidentiary hearing on the complaint and, on June 19, 2012, issued an order (the NAB Order) finding that the evidence presented by the City established that the property was a public nuisance pursuant to Fla. Stat. § 893.138 and the Ordinance. (Doc. #67-4.) The NAB Order required the grocery store to close for one year starting within ten days from the date of the NAB Order. (Id.)

Plaintiffs requested reconsideration, and the NAB held a second hearing on July 27, 2012. (Doc. #71-1.) Following the

second hearing, the NAB declined to reconsider the NAB Order and, instead, voted to enforce it.  (Id.)

Plaintiffs have not abided by the NAB Order and continue to operate a grocery store business on the property.  The City has apparently not sought to enforce the NAB Order in state court.

On July 18, 2012, plaintiffs appealed the NAB Order by filing a Petition for Writ of Certiorari before Florida's Twentieth Judicial Circuit Court seeking judicial review of the NAB Order. (Doc. #41-1.)  In that petition plaintiffs argued that the NAB Order violated their due process rights under the Fourteenth Amendment to the United States Constitution and that the decision to close their business was not supported by competent, substantial evidence.  The Circuit Court issued an order denying the petition on April 2, 2013.  (Id.)

In addition to the appeal of the NAB Order, on July 2, 2012, plaintiffs filed a civil action against the City in state court alleging that the Ordinance violated the Fifth and Fourteenth Amendments to the United States Constitution.  The City removed the case to federal court on the basis of federal question jurisdiction.  (Doc. #1.)  The City then filed a counterclaim seeking an injunction enforcing the NAB Order, restraining plaintiffs from operating the grocery store business on the property, and imposing a daily fine.  (Doc. #27.)

**III.**

The operative pleading is the Amended Complaint (Doc. #2), which seeks a declaratory judgment, injunctive relief, and damages pursuant to 42 U.S.C. § 1983. The Amended Complaint asserts that the Ordinance violates plaintiffs' rights under the Fifth and Fourteenth Amendments because the NAB Order authorized by the Ordinance was a taking of property for a public use without compensation. (Id. at ¶¶ 9-11, 15.) Plaintiffs further assert that the Ordinance is arbitrary and capricious in its implementation because it does not contain criteria to determine the need to close a business, does not allow or require just compensation, does not require that plaintiffs commit criminal acts, does not further a legitimate public purpose by the means used, and is unduly oppressive. (Id. at ¶¶ 12, 16-17.)

**A. Florida Statute and City Ordinance**

Florida Statute § 893.138 allows a place or premises to be declared a public nuisance which may be abated if, among other things, on more than two occasions within a six month period the place or premises has been used as "the site of the unlawful sale, delivery, manufacture or cultivation of any controlled substance." Fla. Stat. § 893.138(2)(b). The statute further provides that a county or municipality may create an administrative board by ordinance to hear complaints regarding this type of nuisance. Fla. Stat. § 893.138(4). After a complaint and not less than three days' notice, the administrative board conducts a hearing to

consider the evidence, including evidence presented by the owner of the premises.  Id.  The board may declare the place or premises a public nuisance, id., and if it does so may enter an order requiring the owner to adopt such procedure as may be appropriate under the circumstances to abate the nuisance or prohibiting certain conduct, including maintaining or operating any business or activity on the premises, Fla. Stat. 893.138(5).  The statute may be supplemented by a municipal ordinance containing certain provisions.  Fla. Stat. § 893.138(11).

The City of Fort Myers enacted such an ordinance by creating the NAB and enacting Chapter 54 of the City of Fort Myers Code of Ordinances.  As the City states, Chapter 54 essentially adopts all the provisions of Fla. Stat. § 893.138.  (Doc. #27, p. 6.)

**B.   Plaintiffs' Fifth Amendment Taking Claims**

Plaintiffs assert that the NAB Order closing the grocery store for one year effects a "taking" of their property for which they are entitled to compensation for loss of income and/or loss or rental.  Plaintiffs also assert that the one year closing is in reality a permanent taking because the grocery store is a non-conforming use under the zoning regulations and will lose its status if closed for more than thirty days.

The Fifth Amendment prevents the taking of private property for public use without just compensation, and applies to the States through the Fourteenth Amendment.  See Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).  A taking may result from a "physical

6

invasion" of the property or may follow a "regulatory imposition." Good v. United States, 189 F.3d 1355, 1360 (Fed. Cir. 1999) (citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014-16 (1992)).  "The general rule . . . is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking."  Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415 (1922).

    **(1)   Ripeness of Fifth Amendment Taking Claims**

    The City argues that plaintiffs' Fifth Amendment takings claims are not ripe for federal judicial review because plaintiffs have not sought compensation for the taking through available state court processes.  Plaintiffs appear to be asserting both a facial challenge and an as-applied challenge in their summary judgment motion, although it is not completely clear.  (Doc. #67, p. 10 ("the Ordinance does not operate as a taking by mere enactment but . . . [a]s it applied to the Plaintiffs, it is an unconstitutional taking . . . .").)  The City does not distinguish between a facial challenge to the Ordinance and an as-applied challenge.

    "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the

legal rights of litigants in actual controversies." Genesis
Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1529 (2013) (citation
and internal quotation marks omitted). See also Susan B. Anthony
List v. Driehaus, 134 S. Ct. 2334, 2341-42 (2014). The party
invoking a federal court's jurisdiction has the burden of
establishing subject matter jurisdiction. Driehaus, 134 S. Ct. at
2342; Kokkonen, 511 U.S. at 377.

"Ripeness reflects constitutional considerations that
implicate Article III limitations on judicial power, as well as
prudential reasons for refusing to exercise jurisdiction." Stolt-
Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 670 n.2
(2010) (citation and internal quotation marks omitted); National
Park Hospitality Assn. v. Department of Interior, 538 U.S. 803,
808 (2003). To determine whether a claim is ripe for judicial
review, the court considers both "the fitness of the issues for
judicial decision" and "the hardship of withholding court
consideration." Stolt-Nielsen S.A., 559 U.S. at 670 n.2; National
Park Hospitality Assn., 538 U.S. at 808. The court considers:
"(1) whether delayed review would cause hardship to the plaintiffs;
(2) whether judicial intervention would inappropriately interfere
with further administrative action; and (3) whether the courts
would benefit from further factual development of the issues
presented." Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S.
726, 733 (1998). The ripeness of a claim is a legal question.
Temple B'Nai Zion, Inc. v. City of Sunny Isles Beach, Fla., 727

F.3d 1349, 1356 (11th Cir. 2013). Some land use disputes also require compliance with the two requirements of Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1972) (as-applied takings claim is not ripe until: (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue;" and (2) the plaintiff has sought "compensation through the procedures the State has provided for doing so").

    **(a)   Facial Challenge to the Ordinance**

    The Court finds that the facial challenge to the constitutionality of the Ordinance is ripe for judicial review. There was an administrative hearing and final determination by the NAB; there has been review by the state circuit court; the City has reached a final decision regarding the application of the nuisance ordinance to plaintiffs' property; withholding the Court's consideration would impose a hardship on both plaintiffs (who may suffer economic injury) and the City (who may suffer a nuisance which goes unabated and unpunished); federal judicial review will not interfere with further administrative action, since none is contemplated; and no additional factual development is necessary. A facial challenge to the Ordinance does not require compliance with the Williamson County requirements. Temple B'Nai Zion, Inc., 727 F.3d at 1359, n.6. Therefore, the Court finds

that the facial challenge to the Ordinance is ripe and rejects the City's argument to the contrary.

   **(b)   As-Applied Challenge to the Ordinance**

   Plaintiffs also bring an as-applied takings claim, asserting that the Ordinance as applied to them is an unconstitutional taking.  The same analysis of ripeness discussed above applies to the as-applied challenge to the Ordinance.  Additionally, the first Williamson County requirement of an injury to plaintiffs by the City's action is satisfied in this case.  Plaintiffs are subject to a final agency order imposing closure of the business for a year, and this order has been upheld on *certiorari* appeal.  This is clearly a sufficient injury.  Horne v. Dep't of Agric., 133 S. Ct. 2053, 2061-62 (2013).

   The second Williamson County requirement obligates plaintiffs to seek just compensation in the state system.  "[A] property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State . . . ."  Williamson Cnty., 473 U.S. at 195.  "Williamson County boils down to the rule that state courts always have a first shot at adjudicating a takings dispute because a federal constitutional claim is not ripe until the state has denied the would-be plaintiff's compensation for a putative taking, including by unfavorable judgment in a state court proceeding."  Agripost, LLC v. Miami-Dade Cnty., Fla., 525 F.3d 1049, 1052 (11th Cir. 2008).  Florida law provides a means

for property owners to seek just compensation for governmental takings, either through a hearing pursuant to Fla. Stat. § 70.001 or an inverse condemnation proceeding, Keshbro, Inc. v. City of Miami, 801 So. 2d 864 (Fla. 2001). Plaintiffs present no evidence that they have done so and, therefore, the Court finds that plaintiffs' as-applied takings claim under the Fifth Amendment is not ripe and must be dismissed without prejudice. Watson Constr. Co. v. City of Gainesville, 244 F. App'x. 274, 277 (11th Cir. 2007); Garbo, Inc. v. City of Key West, Fla., 162 F. App'x 905, 906 (11th Cir. 2006).

While the City argues the merits of whether its action is a compensatory taking or is within the "nuisance exception" (Doc. #71, pp. 5-7), those issues are for the state court proceedings which are a required predicate for a federal takings claim.

### (2)   Merits of Facial Takings Challenge to the Ordinance

As stated above, the facial challenge to the Ordinance as a violation of the Fifth Amendment takings provision is ripe for judicial review. Upon review the Court concludes that the Ordinance does not violate the Fifth Amendment takings provision. A person has no legitimate property right in a nuisance, and the City need not compensate when a nuisance is ordered abated. See, e.g., Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1022-24 (1992) (harmful or noxious uses of property may be proscribed by government regulation without the requirement of compensation); Keshbro, 801 So. 2d at 870 n.10 ("regulation eliminating the value

11

of private property effects a taking unless the purpose of the regulation is to control a public nuisance") (internal quotation marks omitted); State Dep't of Envtl. Prot. v. Burgess, 667 So. 2d 267, 270-71 (Fla. 1st DCA 1995) (if landowner's proposed use of property constituted a nuisance, use was not part of landowner's property interests and compensation for denial of fill and dredge permit required for such use would not be due landowner on a theory of a constitutional taking). Florida law provides mechanisms for property owners to seek compensation, and Florida law provides compensation for some, but not all, instances where a business is shut down as a nuisance. Keshbro, 801 So. 2d at 869-75. The Court finds nothing that renders the Ordinance, or the statute on which it is based, unconstitutional under the Fifth Amendment Takings clause.

## C. Plaintiffs' Fourteenth Amendment Claims

Plaintiffs also argue that the Ordinance deprives them of their right to due process of law as guaranteed by the Fourteenth Amendment. Plaintiffs are not clear whether their challenge is based on substantive or procedural due process grounds; both fail.

It is well established that "[t]he substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). Fundamental rights are those rights created by the Constitution.

DeKalb Stone, Inc. v. County of DeKalb, Ga., 106 F.3d 956, 959 n.6 (11th Cir. 1997).  "Property interests, of course, are not created by the Constitution.  Rather they are created . . . by existing rules or understandings that stem from an independent source such as state law rules . . . ."  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); see also Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002).  "As a result, there is generally no substantive due process protection for state-created property rights."  Kentner v. City of Sanibel, 750 F.3d 1274, 1279 (11th Cir. 2014).  The Eleventh Circuit has held that there is no independent substantive due process taking cause of action.  Villas of Lake Jackson, Ltd. v. Leon County, 121 F.3d 610, 612-14 (11th Cir. 1997).

Plaintiffs allege that the NAB's Order requiring the closure of the grocery store for one year violates their substantive due process rights because it is arbitrary and does not relate to the public purpose of crime prevention.  However, "non-legislative deprivations of state-created property rights . . . cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrar[il]y and irrationally."  Greenbriar Village, L.L.C. v. Mountain Brook City, 345 F.3d 1258, 1263 (11th Cir. 2003).  Plaintiffs' substantive due process claim is based on a state-created property right.  Therefore, the Court finds the plaintiffs fail to establish a valid substantive due process claim.

To the extent plaintiffs intend to assert a procedural due process violation, such a claim is without any evidentiary support. To succeed on a procedural due process claim, a plaintiff must show, *inter alia*, "a deprivation of a constitutionally-protected property or liberty interest." Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1236 (11th Cir. 2003). Even if plaintiffs had such rights in this case, they were afforded all the procedural process due them. They received a written complaint, more than the three day statutory notice, two hearings before the NAB, a final written order from the NAB, an appeal to the circuit court, and the ability to further appeal to the Florida appellate courts. Nothing requires that plaintiffs commit a crime in order to be subject to a nuisance abatement proceeding, and plaintiffs still retain the ability to obtain compensation through the state court system under Keshbro. Accordingly, no violation of procedural due process can be established.

**D.   Plaintiffs' Request For A Preliminary Injunction**

Plaintiffs seek a preliminary injunction against the City's enforcement of the NAB Order. To obtain a preliminary injunction, the moving party must establish, *inter alia*, a substantial likelihood of success on the merits. Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1299 (11th Cir. 2013). As explained above, plaintiffs cannot prevail on either their Fifth or Fourteenth Amendment claims. Accordingly, plaintiffs' request for a preliminary injunction is denied.

**E.   Defendant's Counterclaim And Motion For Reconsideration**

The Court has decided the question of law on the ripe claim and dismissed the as-applied claim so that plaintiffs may proceed in state court.   The City may seek to enforce the NAB Order in state court (triggering actual damages if it should lose under Keshbro).   The Court exercises its discretion and declines to retain supplemental jurisdiction over defendant's counterclaim seeking an injunction enforcing the NAB Order.   28 U.S.C. § 1367(c)(3).  Therefore, the Court denies as moot defendant's motion for reconsideration of the Court's order denying its motion for a preliminary injunction to enforce the NAB Order (Doc. #79).

Accordingly, it is now

**ORDERED:**

1.   Plaintiffs' Motion for Summary Judgment against the City's Enforcement of an Ordinance for the Closure of Plaintiffs' Business (Doc. #67) is **DENIED**.   Summary judgment is **GRANTED** in favor of defendants as to the facial challenge to the Ordinance under the Takings Clause of the Fifth Amendment and the claims under the Due Process Clause of the Fourteenth Amendment.   The as-applied challenge to the Ordinance under the Takings Clause of the Fifth Amendment is **DISMISSED WITHOUT PREJUDICE** because it is not ripe for adjudication.

2.   The Court declines to retain jurisdiction over defendant's counterclaim, which is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion for Reconsideration of Order and Opinion

15

Denying Motion for Preliminary Injunction (Doc. #79) is therefore **DENIED as MOOT**.

3.    The Clerk shall enter judgment accordingly, terminate all other pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15h___ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record