```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

HARBIYA   ABU-KHADIER   and
RRHA, INC.,

        Plaintiffs,

v.                                    Case No: 2:12-cv-387-FtM-29CM

THE  CITY  OF  FORT  MYERS,
FLORIDA, a Florida Municipal
Corporation,

        Defendant.
                                          /
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant, The City of Fort Myers, Florida's Motion to Tax Reasonable Attorneys' Fees (Doc. #100) filed on July 31, 2014. The plaintiff filed a Response in Opposition (Doc. #102) on August 7, 2014. Also before the Court is defendant's Notice of Filing (Doc. #101) of a Bill of Costs, to which Plaintiffs' Memorandum of Law in Opposition to Defendant's Bill of Costs (Doc. #103) was filed on August 7, 2014.

**I.**

On July, 2012, plaintiffs filed a civil action against the City of Fort Myers, Florida (the City) in state court alleging violations of the Fifth and Fourteenth Amendments to the United States Constitution for closing plaintiff's grocery store as a nuisance. The City removed plaintiffs' Amended Complaint (Doc. #2) to federal court on the basis of federal question jurisdiction.

(Doc. #1.)  The Court struck plaintiffs' first Motion for Summary Judgment (Doc. #11), filed prior to an answer, for non-compliance with a Local Rule (Doc. #17.)  Plaintiffs immediately filed a second Motion for Summary Judgment (Doc. #18), to which the City responded that it had not yet had an opportunity for reasonable discovery (Docs. #22, 23.)  The motion was ultimately denied without prejudice to re-filing. (Doc. #56.)

The City of Fort Myers filed an Amended Answer, Affirmative Defenses, and Counterclaim (Doc. #27), to which plaintiff filed an Answer and Affirmative Defenses (Doc. #28.)  The City filed a Motion for Preliminary Injunction (Doc. #33) seeking an order compelling plaintiffs to abide by the City's Nuisance Abatement Board's June 19, 2012 order.  Plaintiffs filed a Response (Doc. #37) in opposition to the requested injunction, to which the City was allowed to file a Reply (Doc. #42) and plaintiffs filed a sur-reply (Doc. #44.)  The Court heard oral arguments on the motion for a preliminary injunction on October 4, 2013, and ultimately issued an Opinion and Order (Doc. #75) denying the preliminary injunction because the City had not clearly established it was substantially likely to prevail on the merits of its claims.

On July 15, 2015, the Court entered an Opinion and Order (Doc. #98) denying plaintiffs' motion for summary judgment.  Instead, the Court granted summary judgment in favor of the defendants as to portions of plaintiffs' complaint and dismissed without

prejudice the remainder of plaintiffs' federal claims. The Court also declined to retain jurisdiction over defendants' state law counterclaim. Judgment was entered on July 17, 2014. (Doc. #99.) The City now seeks reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

## II.

Title 42 U.S.C. § 1988(b) allows a district court to award reasonable attorney's fees as part of costs to the prevailing party in civil rights cases brought under § 1983. When a plaintiff is the prevailing party, "he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority," Fox v. Vice, ___ U.S. ___, 131 S. Ct. 2205, 2213 (2011) (internal quotation marks and citation omitted), and "'should ordinarily recover an attorney's fee' from the defendant—the party whose misconduct created the need for legal action." Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416 (1978). The standard is different, however, where the prevailing party is the defendant. In such situations, "plaintiff should not be assessed his opponent's attorney fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., 434 U.S. at 422. A district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was

ultimately successful." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(citation omitted). This determination is to be made on a case-by-case basis, and a non-exhaustive list of factors to be considered include: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005).

In this case, there was no offer of settlement and the Court granted summary judgment in favor of the City prior to any trial. The City also argues that it is entitled to attorney's fees because the plaintiffs failed to establish a prima facie case or present evidence to support their claims. The plaintiffs respond that their claims were not frivolous or unreasonable because the Court did not resolve all of the matters between the parties and the plaintiffs' relied on case law to support their position, despite it being rejected by the court.

The City did not challenge the sufficiency of the Amended Complaint with a motion to dismiss, thus tacitly admitting that the claims were plausible. The Court denied the City's request for a preliminary injunction, which was premised on the theory that the City's action did not violate any constitutional provision and plaintiffs must comply with the ordinance. The City did not

4

move for summary judgment, and the Court found the City was entitled to judgment based upon plaintiffs' summary judgment submissions. While plaintiffs did not prevail on the merits, the record establishes that their claims cannot fairly be characterized as lacking in arguable merit, groundless, frivolous, unreasonable, or lacking in any foundation. Therefore, the City has not established that it is entitled to an award of costs or attorney fees under § 1988 as the prevailing defendant.

## III.

While not entitled to costs or attorney fees under § 1988, the City may be entitled to an award of costs under Fed. R. Civ. P. 54(d).  E.g., Amedee Geothermal Venture I v. Lassen Mun. Utility Dist., 8 F. Supp. 3d 1211 (E.D. Cal. 2014).  Federal Rule of Civil Procedure 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d) creates a "strong presumption" in favor of awarding costs to the prevailing party. Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012).  The Bill of Costs seeks $350 in filing fees and $1,088.76 for copying costs. (Doc. #101, Exh. 1.)  After review, the Court finds both are appropriate.

Accordingly, it is now

**ORDERED:**

1. Defendant, The City of Fort Myers, Florida's Motion to Tax Reasonable Attorneys' Fees (Doc. #100) is **DENIED**.

2. Defendant's Notice of Filing (Doc. #101) of a Bill of Costs is deemed a motion and is **GRANTED** to the extent that the Clerk of Court shall tax costs against plaintiffs in the amount of $1,438.76.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of May, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record